ANSTEAD, J.,
specially concurring.
I remain convinced that a trial court express finding as to the existence of DNA evidence would bring more clarity and certainty to the plea process, and more importantly, would reduce the need for future litigation on the issue.
PARIENTE and QUINCE, JJ, concur.
APPENDIX
RULE 3.170. PLEAS
(a) — (j)[No change]
(k) Responsibility of Court on Pleas.
(1) No plea of guilty or nolo contende-re shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings stenographically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its volun-tariness and that there is a factual basis for the plea of guilty. A complete record of the proceedings at which a defendant pleads shall be kept by the court.
(2) No plea of guilty or nolo-contende-re to a-felony shall be accepted by a court without the court first inquiring of the defendant and of counsel for the defendant and the-state as to physical evidence containing-DNA known to exist that could exonerate-the defendant. — If no- physical evidence containing DNA that could exonerate the defendant is ■known-fco-exist, the court may proceed with consideration-of-accepting the plea. If physical evidence containing DNA that could exonerate the defendant is known to exist, the-court may postpone fee-proceeding on -the defendant’s behalf and-order-DNA testing upon motion of counsel-specifying the physical evidence to be tested.
13) — A complete record -of — fee proceedings at which a defendant pleads shall be-kept by fee-court.
(Z) [No change]
Committee Notes [No change]
RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness; Factual Basis.
Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied determine that the plea is voluntarily entered and that there is a factual basis for it the plea exists. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) [No change]
(c) Determination of Voluntariness.
Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(d), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the maximum possible penalty, and any mandatory minimum penalty provided by law--if any, and the maximum-possible penalty provided bytiaw;
(2) if the defendaat-is not represented by an attorney, that the defendant has fee right to be represented by an attorney at every stage of the proceeding against-him or her and, if necessary, ©se an attorney will be appointed to represent him or her;
(3) that the defendant has the right to plead not guilty or to persist in that plea *517 if it has already been made, and that the defendant-has the right to be tried by a jury, and at that trial a defendant has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to testify or be compelled to incriminate himself or herself;
(4) that if the defendant pleads upon a plea of guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters- relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack;
(5) — (7) [No change]
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her-that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases; and
(9) that if the defendant pleads guilty or nolo contendere, and the offense to which the defendant is pleading is a sexually violent offense or a sexually motivated offense, or if the defendant has been previously convicted of such an offense, the plea may subject the defendant to involuntary civil commitment as a sexually violent predator upon completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated in this respect,- as this admonition shall be given to all defendants in all cases.
(d) Inquiry — Concerning—DNA—Evidence, — Before- accepting a plea-of-guilt-y or nolo-contendere to- a felony, the trial judge must inquire-of-the defendant-and-of counsel for the defendant and the state as to — physical—evidence—containing—DNA known to exist that could exonerate-the defendant. — The judge must inquire into the following;
(1) whether counsel for the defense has reviewed the discovery disclosed by the state and-whether such-discover included a listing or description of physical items of evidence;
(2) whether the-nature of the - evidence against the defendant disclosed through discovery has been reviewed with the defendant;
(3) whether the defendant or counsel for the defendant is aware of any physical evidence disclosed by the -state-fop which DNA testing may exonerate the defendant; and
(4) whether-the state is aware of any physical evidence-for which DNA testing may exonerate the defendant.
(d) DNA Evidence Inquiry. Before accepting a defendant’s plea of guilty or nolo contendere to a felony, the judge must inquire whether counsel for the defense has reviewed the discovery disclosed by the state, whether such discovery included a listing or description of physical items of evidence, and whether counsel has reviewed the nature of the evidence with the defendant. The judge must then inquire of the defendant and counsel for the defendant and the state whether physical evidence containing DNA is known to exist that could exonerate the defendant. If no such physical evidence is known to exist, the court may accept the defendant’s plea and impose sentence. If such physical evidence is known to exist, upon motion of *518 counsel the court may postpone the proceeding and order DNA testing.
(e) — (j) [No change]
Committee Notes [No change]
RULE 3.853. MOTION FOR POST-CONVICTION DNA TESTING
(a) Purpose. This rule provides procedures for obtaining DNA (deoxyribonucleic acid) testing under sections 925.11 and 925.12, Florida Statutes.
(b) Contents of Motion. The motion for postconviction DNA testing must be under oath and must include the following:
(1) a statement of the facts relied upon in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not previously tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result establishing that the movant is not the person who committed the crime;
(3) — (6) [No change]
(c) Procedure.
(1) Upon Os receipt of the motion, the clerk of the court shall file it and deliver the court file to the assigned judge.
(2) The court shall review the motion and deny it if it is facially insufficient. If the motion is facially sufficient, the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court.
(3) Upon Os receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing.
(4) In the event that the motion shall proceed to a hearing, the court may appoint counsel to assist the movant if the court determines that assistance of counsel is necessary and upon making the appropriate finding of indigence.
(5) — (6) [No change]
(7) The court-ordered DNA testing shall be ordered to be conducted by the Department of Law Enforcement or its designee, as provided by statute. However, the court, upon a showing of good cause, may order testing by another laboratory or agency certified by the American Society of Crime Laboratory Directors or the National Forensic Science Training Center when if requested by a movant who can bear the cost of such testing.
(8) [No change]
(d) Time Limitations. A motion to vacate filed under rule 3.850-or-a-motion for postconviction or collateral relief filed under-rule 3.851, which-is- based solely on the results'■ of the cour-t-ordered DNA testing obtained under this- rule, shall be treated as-r-aising a claim~of newly-discovered-evidence- and the time--periods set forth in r-ules- 3.850 and 3.85-1- shall commence on the -date that the -written test results are provided to the court, the movant, and the prosecuting authority pursuant to subsection (c)(8). The motion for postconviction DNA testing may be filed or considered at any time following the date that the judgment and sentence in the case becomes final.
(e) — (f) [No change]